**SIGNED this 2nd day of September, 2026**

Nicholas W. Whittenburg
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE EASTERN DISTRICT OF TENNESSEE**
**WINCHESTER DIVISION**

| | |
|---|---|
| **In re:** | |
| **Dustin Ray Moore** | **No. 4:25-bk-11455-NWW** |
| **Debtor** | **Chapter 7** |
| **Trudy M. Edwards, Trustee** | |
| **Plaintiff** | |
| **v.** | **Adv. No. 4:25-ap-01025-NWW** |
| **Danny Moore** | |
| **Defendant** | |

## M E M O R A N D U M

On November 17, 2025, plaintiff Trudy M. Edwards, as trustee of the chapter 7 bankruptcy estate of Dustin Ray Moore, filed a complaint seeking to avoid a purportedly

fraudulent transfer of real property pursuant to 11 U.S.C. § 548 and to recover the value of that transfer from the defendant, Danny Moore, pursuant to 11 U.S.C. § 550(a)(1). The defendant answered the complaint admitting that the transfer occurred. However, he maintains that the debtor held no equitable interest in the property transferred and, accordingly, the transfer is not avoidable because it did not diminish the debtor's bankruptcy estate to the detriment of creditors.

Jurisdiction is proper in this court. 28 U.S.C. § 1334(b). This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(H).

Before the court now are cross-motions for summary judgment with supporting briefs filed by the plaintiff and the defendant. ECF Nos. 36 & 37. The motions seek summary judgment as to the entirety of the complaint. Each party submitted statements of undisputed material facts, responded to the other party's motion for summary judgment, and responded to the statements of undisputed material facts.

Having considered the motions, supporting briefs, statements of undisputed material facts, and responses to those documents, the court will grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment.

## I. Summary Judgment Standard

A party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. When deciding a motion for summary judgment, the court construes all reasonable inferences in favor of the nonmoving party. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). When

the evidence would permit a reasonable jury to return a verdict for the nonmoving party, a genuine issue of material fact exists, and the court must deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the face of a summary judgment motion, the nonmoving party may not rest on its pleadings, but must come forward with some probative evidence to support its claim. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (holding that a nonmoving party must present "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial"). According to Federal Rule of Civil Procedure 56(c)(1), "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

## II. Background

The following history comes from the parties' material facts that are either undisputed or outright admitted.

The defendant is the debtor's uncle. On September 21, 2015, the defendant used his own $40,000.00 to purchase real property at 25 Wright Road, Fayetteville, Tennessee. A recorded executor's deed lists the defendant and the debtor as owners of that property, each with an undivided, one-half interest as tenants in common.

The debtor did not pay a single dollar for that purchase. Nevertheless, the defendant ensured that the debtor was included on the deed because he wanted the property to pass to the debtor if the defendant died.

Over the next nine years, the defendant paid all of the property taxes, all of the utility bills, all maintenance costs, all repair expenses, and all improvement expenses. The defendant paid all of those exclusively. The debtor never paid for any of those costs of ownership and never exerted any control over the property.

So, when the property was sold to a third party on July 26, 2024, for $150,000.00, the debtor did not request any portion of the sale proceeds because he did not believe that he owned half of the property or was entitled to half of the proceeds. All of the sale negotiations had been conducted by the defendant, and all of the proceeds were paid to him.

Because the debtor was listed on the deed to the property, though, both he and the defendant signed a warranty deed conveying ownership to the third party.

Eleven months later—on June 12, 2025—the debtor filed the pending chapter 7 bankruptcy case.

## III. Analysis

Section 548(a)(1)(B) of the Bankruptcy Code states in relevant part:

> The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer . . . and was insolvent on the date that such transfer was made . . . , or became insolvent as a result of such transfer . . . .

The purpose of that statute is to preserve the debtor's estate for the benefit of unsecured creditors, and so, it focuses on the net effect of a transfer that allegedly depleted the bankruptcy estate. *See Suhar v. Bruno (In re Neal)*, 541 F. App'x 609, 612, 613 (6th Cir.

2013); *see also Harman v. First Am. Bank of Md. (In re Jeffrey Bigelow Design Grp.)*, 956 F.2d 479, 484 (4th Cir. 1992) (quotation omitted).

Because the debtor received none of the proceeds from the sale of the property, despite being a joint owner, the plaintiff contends he was not given reasonably equivalent value for the transfer that occurred within two years of the commencement period. Alleging that the debtor was insolvent at the time of the transfer, the plaintiff seeks to recover from the defendant $75,000, one-half of the $150,000 purchase price received by the defendant when the property was sold on July 26, 2024.

The defendant does not contest that the transfer occurred within two years of the petition date or that debtor received none of the purchase price despite having been a joint owner of the property. Instead, the defendant asserts that the debtor had no equitable interest in the property and held bare legal title relying on a resulting trust theory.

Regarding resulting trusts, the Tennessee Supreme Court has stated the following:

> The imposition of a resulting trust is an equitable remedy; the doctrine of resulting trust is invoked to prevent unjust enrichment. Such a trust is implied by law from the acts and conduct of the parties and the facts and circumstances which at the time exist and surround the transaction out of which it arises. Broadly speaking, a resulting trust arises from the nature or circumstances of consideration involved in a transaction whereby one person becomes invested with a legal title but is obligated in equity to hold his legal title for the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although no intention to create or hold in trust has been manifested, expressly or by inference, and there ordinarily being no fraud or constructive fraud involved.

*In re Est. of Nichols*, 856 S.W.2d 397, 401 (Tenn. 1993) (quoting 76 Am. Jur. 2d *Trusts* § 166, 197–98 (1992)).

Particularly relevant to the current case, Tennessee recognizes purchase-money resulting trusts. Discussing such trusts, the Tennessee Court of Appeals has stated:

> It is said that the source and underlying principle of all resulting trusts is the equitable theory of consideration. That theory is that the payment of a valuable consideration draws to it the beneficial ownership; that a trust follows or goes with the real consideration, or results to him from whom the consideration actually comes; that the owner of the money that pays for the property should be the owner of the property.

*Livesay v. Keaton*, 611 S.W. 2d 581, 584 (Tenn. Ct. App. 1980) (citation omitted), *cert. denied*.

While imposition of a resulting trust is a recognized equitable remedy, Tennessee courts apply the remedy cautiously, particularly when the imposition of a resulting trust relying on parol evidence contravenes a written instrument, such as a deed for real property. *Stamps v. Starnes*, 649 S.W.3d 403, 412 (Tenn. Ct. App. 2021) (citing *Gray v. Todd*, 819 S.W.2d 104, 108 (Tenn. Ct. App. 1991)). Specifically, "proof of a resulting trust must be of the clearest, most convincing, and irrefragable character." *Id.* at 410 (quoting *Saddler v. Saddler*, 59 S.W.3d 96, 99 (Tenn. Ct. App. 2000)); *see also Linder v. Little*, 490 S.W.2d 717, 723 (Tenn. Ct. App. 1972), *cert. denied* ("[Proof of a parol trust] must be so clear, cogent and convincing as to overcome the opposing evidence coupled with the presumption that obtains in favor of the written instrument.").

Neither party disputes that the 2015 executor's deed conveyed a one-half undivided interest in the property to the defendant and the debtor. They became co-

owners of the property as tenants in common. As tenants in common, legally both the debtor and the defendant were jointly seized of the whole estate, each with an equal right of entry and possession. *Moore v. Cole*, 289 S.W.2d 695, 697 (Tenn. 1956). However, because the executor's deed did not include a right of survivorship, neither of the co-tenants had a right to survivorship. *Bryant v. Bryant*, 522 S.W.3d 392, 401 (Tenn. 2017).

Looking only at the four corners of the instrument, the executor's deed supports the plaintiff's contention that the debtor and the defendant's transfer in 2024 for a purchase price of $150,000, none of which went to the debtor, was a fraudulent transfer avoidable under section 548 of the Bankruptcy Code. The question becomes: Is there a material factual dispute concerning whether the debtor's interest in the property as a co-tenant was a bare legal interest applying the resulting trust doctrine?

As evidence that the defendant and the debtor did not intend the debtor to have a beneficial interest in the property, each of them executed an affidavit stating conclusively what was established in the undisputed material facts—the defendant purchased the property and included the debtor on the deed in case "something happened" to the defendant. Presumably, the debtor was included as a co-tenant on the executor's deed in the mistaken belief that, if the defendant predeceased the debtor, then title to the property would vest entirely in the surviving co-tenant, the debtor. The plaintiff argues that the failure to include a right of survivorship in the executor's deed refutes the defendant's contention that the debtor was named in the deed solely to avoid probate. However, the fact that the executor's deed, as drafted, failed to include a right of survivorship does not, by itself, create a genuine issue of fact.

There is no dispute that the defendant paid the entire $40,000 purchase price when he purchased the property in 2015. The debtor paid none of the purchase price. That fact strongly supports the defendant's argument for the imposition of a purchase-money resulting trust. *See Classic Refinery, Inc. v. United States*, No. 1:97-CV-500, 1999 WL 314812, at *5 (E.D. Tenn. Apr. 5, 1999) ("The key fact necessary to create a purchase money resulting trust is that the person who claims a resulting trust, in fact, paid the purchase price.").

Events subsequent to the 2015 purchase of the property also lend credence to the defendant's contention that the debtor was to have no beneficial interest in the property unless and until the defendant passed away. The defendant alone paid all of the taxes on the property until it was sold in 2024. He also paid for electric service supplied to the property and maintained that service solely in his name. The defendant alone paid for all maintenance, repairs, and improvement to the property. The defendant used the property primarily for personal storage but also allowed a neighbor to farm a pasture on the property. The record is devoid of any evidence that the debtor ever used the property or made any economic investment in the property. The defendant alone negotiated with the purchasers that bought the property in 2024. Clearly, from the purchase of the property in 2015 to its sale in 2024, the defendant exercised exclusive control over the property.

The evidence is clear and most convincing. The debtor's inclusion as a co-owner on the executor's deed was in a mistaken attempt to avoid probate in the event the defendant predeceased the debtor. Notwithstanding the executor's deed, the parol evidence clearly reflects that the defendant alone was to have all the incidents of

ownership to the property. The debtor and his bankruptcy estate would be unjustly enriched if this court were to hold that the debtor had anything other than bare legal title to the property. No beneficial interest of the debtor in property was transferred at the 2024 sale of the property, despite his execution of the deed. The 2024 transfer did not diminish property that otherwise would have been available to the bankruptcy estate had he not executed the deed in 2024. *See* 11 U.S.C. § 541(d). Consequently, the transfer is not avoidable under section 548(a)(1) of the Bankruptcy Code.[1]

## IV. Conclusion

For the foregoing reasons, the court finds that there are no genuine issues of material fact concerning whether the 2024 transfer of the property was an avoidable, constructively fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code and that this adversary proceeding should be dismissed as a matter of law. By separate order the court will grant the defendant's motion for summary judgment, deny the plaintiff's motion for summary judgment, and dismiss this adversary proceeding.

###

[1] Having concluded that the transfer did not involve a transfer of the debtor's interest in property and is, therefore, not an avoidable, constructively fraudulent transfer, the court need not address the remaining arguments reflected in the parties' respective motions for summary judgment.